UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH RUSSELL JUDD (#11593-051)

VERSUS

CIVIL ACTION

SECRETARY OF STATE OF LOUISIANA, ET AL

NUMBER 11-393-BAJ-DLD

**OPINION**

Pro se plaintiff Keith Russell Judd, an inmate confined at the Federal Correctional Institution, Texarkana, Texas, filed this action pursuant to 42 U.S.C. § 1983 against the State of Louisiana and the Louisiana Secretary of State. Plaintiff alleged that the defendants violated his constitutional rights and several federal voting statutes by refusing to place his name on the ballot for the 2012 Presidential primary election.

A review of the United States District Court records shows that the plaintiff has filed over 800 actions in federal courts throughout the United States. Plaintiff also has a long history within the jurisdiction of the United States Court of Appeals for the Fifth Circuit. In *Judd v. Fox*, 289 Fed.Appx. 795 (5th Cir., August 19, 2008), the plaintiff challenged a conviction for mailing threatening communications with the intent to extort money or something of value through a § 2241 petition. The Fifth Circuit affirmed the district court's finding that the claims raised were not cognizable under § 2241 and stated the following:

> In addition, Judd has a history of vexatious and frivolous litigation in this court and many other courts. We have issued repeated warnings to Judd, and we have sanctioned him for prior frivolous actions. These earlier warnings and sanctions have been insufficient to deter him from continuing to file frivolous challenges to his conviction.
>
> Accordingly, Judd is ORDERED to pay a sanction in the amount of $500 to the Clerk of this Court; and he is BARRED from filing in this court or in any court subject to this court's jurisdiction, any challenge to his conviction or sentence until all sanctions in all his actions are paid in full, unless he first obtains leave of the court in which he seeks to file such challenge. Even after satisfaction of all sanction orders, Judd may not file any civil action in a district court of this circuit, or any pleading or notice of appeal with this court, without first obtaining leave of the court in which he seeks to file such action, pleading or notice. When seeking leave of court, Judd must certify that the claim he wishes to present is a new one that has never before either been raised and disposed of on the merits or remains pending, in any federal court. Upon failure thus to certify or upon false certification, Judd may be found in contempt of court and punished accordingly. Judd is CAUTIONED that filing any frivolous or repetitive action or challenge to his conviction or sentence, in this court or any court subject to this court's jurisdiction, will subject him to additional and progressively more severe sanctions.

*Judd v. Fox*, 289 Fed.Appx. at 796.

In *Judd v. The University of New Mexico, et al*, slip op. no. 98-51060 (5th Cir., May 13, 1999), the Fifth Circuit sanctioned Judd $105.00 and ordered that "the Clerk of this Court and the clerks of all federal district courts within this Circuit are directed to refuse to file any *pro se* civil complaints or appeal by Judd unless Judd submits proof of the satisfaction of this sanction."

In *Judd v. U.S. District Court, et al*, slip op. no. 98-51118 (5th Cir., November 9, 2000), the Fifth Circuit again sanctioned Judd $105.00 and ordered that "the Clerk of this Court and the clerks of all federal district courts within this Circuit are directed

to refuse to file any *pro se* civil complaint or appeal by Judd unless Judd submits proof of the satisfaction of this sanction."

In *Judd v. Winn, et al*, slip op. no. 03-50071 (5th Cir., November 20, 2003), the Fifth Circuit once again sanctioned Judd $105.00 and ordered that "the Clerk of this Court and the clerks of all federal district courts within this Circuit are directed to refuse to file any action, appeal, motion, or pleading by Judd unless Judd submits proof of the satisfaction of his monetary sanctions."

In *United States v. Judd*, slip op. no. 08-50213 (5th Cir., October 7, 2009), the Fifth Circuit sanctioned Judd $500.00 and barred Judd from filing any *pro se* civil complaint or appeal until all sanctions are paid in full, unless he first obtains leave of the court in which he seeks to file such challenges. The court also ordered that Judd may not file any civil action in a district court of this circuit, or any pleading or notice of appeal with the court, without first obtaining leave of court. Judd must also certify that the claim is a new one that has never before either been raised or disposed of on the merits or remains pending in any federal court.

Plaintiff has accumulated over $1000.00 in sanctions imposed as a result of frivolous and vexatious filings. Plaintiff failed to demonstrate that the sanctions have been satisfied. Plaintiff did not seek leave of court to file his complaint and he failed to certify that the claims raised in this complaint are new and have never been raised or disposed of on the merits or remains pending in any federal court. A review of district court records showed that on June 9, 2011, the day prior to filing his

complaint in the Middle District of Louisiana, the plaintiff filed an identical complaint in the Western District of Louisiana. That complaint remains pending on the court's docket. *See Keith Russell Judd v. Secretary State of Louisiana, et al*, CV 11-870-RGJ-KLH.

Additionally, section 1915 of Title 28 of the United States Code provides in pertinent part the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals held that: (1) section 1915(g) applies to cases pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id*. Dismissals include only those for which appeal has been exhausted or waived. *Id*. However, dismissals later reversed are not to be counted as a strike. *Id*. By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id*.

Plaintiff has, on more than three prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous or for failure to state a claim upon which relief can be granted. Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed in forma pauperis in cases involving imminent danger of serious physical injury. However, the plaintiff's claims do not fall under the exception.

Because the plaintiff failed to demonstrate that he has paid the sanctions imposed by the United States Court of Appeals for the Fifth Circuit, he failed to obtain leave of court to file his complaint, he failed to certify that the claims raised in the complaint have never been raised or disposed of on the merits or remains pending in any federal court and he failed to pay the $350.00 filing fee, the complaint shall be dismissed. The dismissal of the complaint shall be with prejudice as to its refiling without meeting the requirements set forth in the various sanction orders issued by the Fifth Circuit as set forth herein.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, September 8, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA