RECEIVED
MAR 15 2012
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

United States District Court
Middle District of Louisiana

FILED

March 15, 2012

## United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

March 13, 2012

Mr. Nick Lorio
U.S. District Court, Middle District of Louisiana
777 Florida Street
Baton Rouge, LA 70801

  **USCA No. 11-30920, Keith Judd v. Secretary State of Louisiana, et al**
    USDC No. 3:11-CV-393

Enclosed, for the district court only, is a copy of the judgment issued as the mandate.

Enclosed, for the district court only, is a copy of the court's opinion.

The electronic copy of the record has been recycled.

      Sincerely,

      LYLE W. CAYCE, Clerk

      By: _Sabrina B. Short_
      Sabrina B. Short, Deputy Clerk
      504-310-7817

cc: (letter only)
  Honorable Brian Anthony Jackson
  Mr. Keith Russell Judd

P.S. to Judge Jackson: A copy of the opinion was sent to your office via email the day it was filed.

United States Court of Appeals
Fifth Circuit

**FILED**
February 20, 2012

Lyle W. Cayce
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 11-30920
Summary Calendar

D.C. Docket No. 3:11-CV-393

KEITH RUSSELL JUDD,

      Plaintiff - Appellant

v.

SECRETARY OF STATE OF LOUISIANA; STATE OF LOUISIANA,

      Defendants - Appellees

Appeal from the United States District Court for the
Middle District of Louisiana, Baton Rouge

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

JUDGMENT

      This cause was considered on the record on appeal and the briefs on file.

      It is ordered and adjudged that the appeal is dismissed as frivolous.

      IT IS FURTHER ORDERED that Judd is ORDERED to pay a sanction in the amount of $500 to the clerk of this court. Even after satisfaction of all sanction orders, Judd may not file any civil action in a district court of this circuit, or any pleading or notice of appeal with this court, without first obtaining leave of the court in which he seeks to file such action, pleading, or notice. When seeking leave of court, Judd must certify that the claim he wishes to present is a new one that has never before either been raised and

disposed of on the merits or remains pending in any federal court. Upon failure thus to certify or upon false certification, Judd may be sanctioned and punished accordingly.

ISSUED AS MANDATE: MAR 1 3 2012

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: *Sabrina B Short*
Deputy
MAR 1 3 2012
New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 20, 2012

Lyle W. Cayce
Clerk

No. 11-30920
Summary Calendar

KEITH RUSSELL JUDD,

                       Plaintiff-Appellant

v.

SECRETARY OF STATE OF LOUISIANA; STATE OF LOUISIANA,

                       Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-393

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

    Keith Russell Judd, federal prisoner # 11593-051, filed a civil complaint, against the Secretary of State of Louisiana and the State of Louisiana in an attempt to have himself placed on the ballot as a candidate for President of the United States. The district court dismissed the complaint for failure to comply with any of the provisions of this court's sanction order in *Judd v. Fox*, 289 F. App'x 795, 796 (5th Cir. 2008). The district court denied Judd's request for leave to proceed in forma pauperis (IFP) on appeal because his appeal was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

taken in good faith. Judd now moves for authorization to proceed in forma pauperis (IFP) on appeal.

A movant for leave to proceed IFP on appeal must show that he is economically eligible and that the appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). We construe Judd's instant IFP motion as a challenge to that district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). "An investigation into the [IFP] movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Rather, our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Id.* (quotation marks and citation omitted). If we uphold the district court's certification that the appeal is not taken in good faith, we may dismiss the appeal sua sponte as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

In the motion now before the court, Judd addresses the substance of his complaint, but he does not address the dismissal for failure to comply with the provisions of the sanction order. Judd has waived any challenge to the district court's dismissal of his suit. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). Accordingly, Judd has not shown that the district court's certification was incorrect, and his IFP motion is denied. *See Baugh*, 117 F.3d at 202. The appeal is without arguable merit. *See Howard v. King,* 707 F.2d 215, 219-20 (5th Cir. 1983). It is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

Judd has a history of vexatious and frivolous litigation in this court and many other courts. We have issued repeated warnings to Judd, and we have sanctioned him for prior frivolous actions. These earlier warnings and sanctions have been insufficient to deter him from continuing to file frivolous pleadings.

Accordingly, Judd is ORDERED to pay a sanction in the amount of $500 to the clerk of this court. Even after satisfaction of all sanction orders, Judd may not file any civil action in a district court of this circuit, or any pleading or notice of appeal with this court, without first obtaining leave of the court in which he seeks to file such action, pleading, or notice. When seeking leave of court, Judd must certify that the claim he wishes to present is a new one that has never before either been raised and disposed of on the merits or remains pending in any federal court. Upon failure thus to certify or upon false certification, Judd may be sanctioned and punished accordingly.

Judd is CAUTIONED that filing any frivolous or repetitive action, in this court or any court subject to this court's jurisdiction, will subject him to additional and progressively more severe sanctions.

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED; SANCTION IMPOSED; SANCTION WARNING ISSUED.